## Edna Miranda, Appellee, v. City of Collinsville, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

### Statement of the Case.

Action by Edna Miranda, plaintiff, against the City of Collinsville, defendant, to recover damages for personal injuries sustained by reason of an obstruction in a sidewalk of a public street of defendant consisting of some steel pipes protruding at the outer edge of the walk, upon which plaintiff tripped and stepped into a nearby hole. From a judgment for plaintiff for $1,800, defendant appeals.

R. GUY KNEEDLER, for appellant.

WEBB & WEBB and GEERS & GEERS, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

Miranda v. City of Collinsville, 206 Ill. App. 166.

## Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 1098*—*when evidence sufficient to show negligence in failing to remove projecting pipes at edge of sidewalk.* Where certain steel pipes projected about six inches above a sidewalk at its outer edge on a public street of a city and were allowed by the city to so remain for several years, *held* that a finding that such condition was a menace to persons traveling over the walk and had existed for such a length of time that the city should take notice thereof and remedy it was justified, in an action to recover damages for injuries sustained thereby.

2. MUNICIPAL CORPORATIONS, § 1098*—*when evidence sufficient to show that pipes projecting above sidewalk are dangerous.* The fact that a person traveling on a public sidewalk in the usual manner of traveling upon meeting another person and attempting to pass tripped on a steel pipe projecting six inches above the walk and fell and injured herself, *held* to justify a finding that such pipe was a menace to persons traveling on the walk, notwithstanding such pipe may have been just outside the walk in close proximity to it.

3. MUNICIPAL CORPORATIONS, § 1098*—*when evidence sufficient to show due care of pedestrian tripping on projections above sidewalk.* Evidence *held* to sustain finding that plaintiff was in the exercise of due care for her own safety at the time she tripped on certain pipes projecting about six inches above defendant's sidewalk, notwithstanding she had passed over the walk frequently and had never observed the pipes.

4. MUNICIPAL CORPORATIONS, § 1226*—*necessity of service of notice of injury on licensed attorney.* Service of notice of injury upon the attorney of a city before bringing an action against the city required by the statute must be upon a licensed attorney.

5. MUNICIPAL CORPORATIONS, § 1226*—*who may not be served with notice of injury.* Service of notice of injury upon the attorney of a city before bringing an action against the city required by the statute cannot be made upon an assistant city attorney.

6. MUNICIPAL CORPORATIONS, § 1226*—*when service of notice of injury is properly made upon city clerk.* Where a city had as city attorney one who was not a licensed attorney, *held* that service of notice of injury before bringing suit against the city required by the statute was properly made upon the city clerk.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.